FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JONNY TORRES, by and through his Personal Representative MANUEL BANDA; JAMIE VALENCIA, parent of Jonny Torres; and MARIA M. TORRES, parent of Jonny Torres,<br><br>Plaintiff,<br><br>v.<br><br>KENNEWICK SCHOOL DISTRICT #17; a quasi-governmental agency and agents thereof with knowledge and responsibility; TAMARA VASQUEZ, individually and in her capacity as Nurse at Highlands Middle School,<br><br>Defendants. | NO: 4:19-CV-5038-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE |

BEFORE THE COURT are Defendants' Motion for Partial Dismissal, ECF No. 7, and Plaintiffs' Motion to Strike, ECF No. 15. Defendants Kennewick School District #17 and Tamara Vasquez moved for partial dismissal of the claims in the

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 1

complaint filed by Plaintiffs Estate of Jonny Torres, Manuel Banda, Jamie Valencia, and Maria M. Torres. ECF No. 7. After the briefing was completed for Defendants' Motion to Dismiss, Plaintiffs filed a Motion to Strike a portion of Defendants' reply brief. ECF No. 15. Having reviewed the briefing and the relevant law, the Court is fully informed.

## BACKGROUND

This case involves several Washington state and federal claims against Kennewick School District #17 and Tamara Vasquez, a nurse employed by Highlands Middle School, regarding the death of Jonny Torres. ECF No. 1. Specifically, Plaintiffs allege that Defendants are liable for wrongful death, negligence, violations of the Rehabilitation Act and the American with Disabilities Act ("ADA"), and violations of Jonny Torres's constitutional rights. *Id.* At one point, the complaint also identifies Kristi Lakey and Kara Beauchamp, employees of Highlands Middle School, as defendants, but they were not listed as defendants in the case caption. ECF No. 1 at 4.

In preparation for the parties' scheduling status teleconference with the Court, counsel for the parties discussed the contents of a Rule 26(f) joint status report. ECF No. 14-1. During those discussions, defense counsel alerted plaintiffs' counsel to portions of the complaint that were unclear or unsupportable, including ADA and Rehabilitation Act claims against Ms. Vasquez, a claim for negligence per se, and

identifying Ms. Lakey and Ms. Beauchamp as defendants despite not being named as defendants in the caption. *Id.* Defense counsel suggested clarifying the claims and defendants in the parties' joint status report, and although plaintiffs' counsel initially agreed, they later stated that they did not want to place conclusions of law in the joint status report. *Id.* at 3.

After these discussions, Defendants filed the present Motion for Partial Dismissal, asking the Court to dismiss the Rehabilitation Act and ADA claims against Ms. Vasquez; the 42 U.S.C. § 1983 claim against Ms. Vasquez in her individual capacity to any extent the claim is supported by violations of the Rehabilitation Act and ADA; the negligence per se claim; and any claims against Ms. Lakey and Ms. Beauchamp. ECF No. 7. Plaintiffs responded by stating that Defendants misunderstand their complaint and that the complaint does not allege any of these claims. ECF No. 10. Defendants replied to Plaintiffs' response by asking for costs, expenses, and fees under 28 U.S.C. § 1927 because, according to Defendants, counsel for Plaintiffs vexatiously and unreasonably caused Defendants to file a motion to dismiss that Plaintiffs did not dispute. ECF No. 13 at 9.

Following Defendants' reply, Plaintiffs filed a Motion to Strike Defendants' request for costs, expenses, and fees under 28 U.S.C. § 1927. ECF No. 15. Plaintiffs argue that the Court should strike Defendants' request because it is improper to raise a new issue in a reply brief. *Id.*

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 3

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the court can reasonably infer that the defendant is liable under the law for the acts or omissions that are alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court assumes Plaintiff's factual allegations to be true at this stage in the case, conclusory allegations or unreasonable inferences may not overcome a Rule 12(b)(6) motion to dismiss. *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). The Court's review is limited to the allegations contained in the complaint and any exhibits that are incorporated by reference and attached to the complaint. *Id.* at 679 n.11.

## DISCUSSION

Defendants move to dismiss the Rehabilitation Act and ADA claims against Ms. Vasquez; the section 1983 claim against Ms. Vasquez in her individual capacity to any extent that it is based on violations of the Rehabilitation Act and ADA; the negligence per se claim; and any claims against Ms. Lakey and Ms. Beauchamp. ECF No. 7. Defendants also moved for fees and costs under 28 U.S.C. § 1927. ECF No. 13 at 9. Plaintiffs moved to strike Defendants' request for fees and costs. ECF No. 15.

*Rehabilitation Act and ADA Claims Against Ms. Vasquez*

Defendants move to dismiss Plaintiffs' Rehabilitation Act and ADA claims against Ms. Vazquez. ECF No. 7 at 4. Plaintiffs argue that the complaint does not allege Rehabilitation Act or ADA claims against Ms. Vasquez. ECF No. 10 at 4.

Title II[1] of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a Title II ADA violation, a plaintiff must allege that "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or

---

[1] Plaintiffs do not state in their complaint which title of the ADA that they claim Defendants violated. *See* ECF No. 1. However, the Court presumes that Plaintiffs intended to make a claim under Title II because that title prohibits discrimination against qualified individuals by public entities. 42 U.S.C. § 12132. The other titles of the ADA relate to discrimination by employers, places of public accommodation, and telecommunication companies, none of which appears to apply in this case. *See* Title 42 of the United States Code, Chapter 126.

his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). A plaintiff establishes a Section 504 claim by alleging that "(1) she is handicapped within the meaning of the RA; (2) she is otherwise qualified for the benefit or services sought (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052. ADA and Rehabilitation Act claims are analyzed together because "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

The defendant to an ADA or Rehabilitation Act claim must be a government entity. The ADA prohibits discrimination by a public entity, which is defined as a state or local government or any state or local government's "department, agency, special purpose district, or other instrumentality." 42 U.S.C. § 12131(1). The Rehabilitation Act prohibits discrimination by any program or activity receiving federal financial assistance, which is defined as a state or local government's "department, agency, special purpose district, or other instrumentality," or "a local educational agency," among other things. 29 U.S.C. § 794(b). Because individuals

are not public entities and do not receive federal financial assistance as defined in the Rehabilitation Act, individuals cannot be liable for violations of the ADA or the Rehabilitation Act. *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119–20 (7th Cir. 1997) *overruled on other grounds*; *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1067 (D. Or. 2001).

Plaintiffs' complaint identifies Ms. Vasquez as a defendant in the caption and the "Parties" section, and then later alleges that "Defendants failed to comply with Section 504" and that "Defendants caused Jonny Torres to be discriminated against." ECF No. 1 at 18–19. Plaintiffs' complaint also alleges in the same section that the School District violated the ADA and the Rehabilitation Act, rather than all Defendants. ECF No. 1 at 21 ("The School District's violations of the ADA and Section 504 of the Rehabilitation Act . . ."). Plaintiffs argue that Defendants misunderstand their complaint because it does not allege ADA or Rehabilitation Act violations against Ms. Vasquez, but the Court disagrees; some statements in Plaintiffs' complaint imply that they allege these claims against Ms. Vasquez as well. ECF No. 10 at 4. To any extent that Plaintiffs' complaint alleges ADA or Rehabilitation Act claims against Ms. Vasquez, those claims are dismissed with prejudice.

Defendants also move for dismissal of Plaintiffs' section 1983 claims against Ms. Vasquez in her individual capacity for violations of the Rehabilitation Act and

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 7

Title II of the ADA. ECF No. 7 at 6. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Plaintiffs argue that, once again, Defendants misunderstand their complaint because Plaintiffs do not allege Rehabilitation Act or ADA violations against Ms. Vasquez. ECF No. 10 at 4. To any extent that Plaintiffs' complaint alleges a section 1983 claim against Ms. Vasquez in her individual capacity for violating the ADA or the Rehabilitation Act, the Court dismisses that claim with prejudice. *See Vinson*, 288 F.3d 1145. The Court does not dismiss any section 1983 claims against Ms. Vasquez, in her official or individual capacity, based on other alleged violations of constitutional rights or federal law.

*Plaintiffs' Negligence Per Se Claim*

Defendants argue that Plaintiffs' negligence per se claim must be dismissed because Washington abolished negligence per se as a stand-alone claim. ECF No. 7 at 8.

Wash. Rev. Code § 5.40.050 states that "[a] breach of duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence," save for a few exceptions. Wash. Rev. Code § 5.40.050. "[T]he breach of a statutory duty is no

longer considered negligence per se, but may be considered as evidence of negligence." *Morse v. Antonellis*, 70 P.3d 125, 126 (Wash. 2003).

Plaintiffs argue that their negligence and gross negligence claims should not be dismissed "merely because the words 'per se' are used." ECF No. 10 at 5. However, their complaint alleges a claim of "negligence per se." ECF No. 1 at 16. Section V of the complaint is titled, in part, "Negligence Per Se," and in Section V, Plaintiffs allege that "Defendants' tortious conduct as described gives rise to the following common law causes of action: . . . Negligence per se in failing to comply with RCW 28A.201.370 and/or RCW 28A.210.260." *Id.* at 16–17. Violations of those statutes, if proven, are evidence of negligence, but Washington does not recognize a common law tort of "negligence per se" except in four very specific instances, none of which is relevant to this case. *See* Wash. Rev. Code § 5.40.050. Accordingly, to any extent Plaintiffs' complaint alleges a common law tort claim for "negligence per se," that claim is dismissed with prejudice. However, the Court does not dismiss Plaintiffs' other negligence claims or theories. ECF No. 1 at 16. Further, Plaintiffs may argue that Defendants acted negligently by violating certain Washington statutes.

***Claims against Ms. Lakey and Ms. Beauchamp***

Defendants move to dismiss any claims against Ms. Lakey and Ms. Beauchamp because they were not named as defendants in the case caption. ECF

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 9

No. 7 at 9. They argue that one paragraph in the complaint identifies Ms. Lakey and Ms. Beauchamp as defendants. ECF No. 1 at 4 ("At all times material hereto, defendants Kristi Lakey, Tamara Vasquez, and Kara Beauchamp . . ."). Plaintiffs argue that they did not assert any claims against Ms. Lakey or Ms. Beauchamp, which is why they are not in the caption. ECF No. 10 at 5. To any extent any claims are being asserted against Ms. Lakey or Ms. Beauchamp, those claims are dismissed without prejudice.

*Defendants' Motion for Fees and Costs and Plaintiffs' Motion to Strike*

In Defendants' reply brief, they moved for fees and costs under 28 U.S.C. § 1927. ECF No. 13 at 9. Plaintiffs argue that Defendants' new motion argued in Defendants' reply brief is inappropriate and should be stricken. ECF No. 15.

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A district court has discretion to impose costs, expenses, and fees under section 1927. *Havensight Capital LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). "Without more, reckless, but nonfrivolous, filings may not be sanctioned." *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 442 (9th Cir. 2017). The Ninth Circuit affirmed an award of sanctions under section 1927 in *Stone Creek* because the party maintained

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 10

a claim of actual damages when the party knew the claim was frivolous, which meant the other party was "forced to expend time and resources defending against the claim by, for example, taking depositions and having its expert prepare a report." *Id.* at 444.

Defendants' motion for costs, expenses, and fees under 28 U.S.C. § 1927 is based on Plaintiffs' refusal to amend the complaint or discuss the complaints' deficiencies at the scheduling teleconference with the Court. ECF No. 13 at 9. As emails filed by defense counsel show, plaintiffs' counsel essentially conceded that their complaint alleged baseless claims that fail as a matter of law and identifies certain individuals as defendants who are not a part of the case. ECF No. 14-1 at 3 ("While we generally agree with your point about which claim/claims can be maintained against an individual . . ."). After conceding this point and agreeing that the claims should be removed, plaintiffs' counsel refused to amend the complaint or discuss the issue with the Court at the scheduling teleconference, requiring defense counsel to draft and file the present Motion to Dismiss. *Id.* In response to this motion, plaintiffs' counsel essentially conceded the issues again, arguing that defense counsel misunderstood their complaint. *See* ECF No. 10.

Plaintiffs' counsel's refusal to dismiss the baseless claims or amend the complaint to clarify any potential confusion after already conceding to the baselessness of their claims amounts to "unreasonably and vexatiously" multiplying

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 11

the proceedings in this case. 28 U.S.C. § 1927. Defense counsel was "forced to expend time and resources" to defense against the frivolous claims knowingly maintained by plaintiffs' counsel. *Stone Creek*, 875 F.3d at 444. Accordingly, the Court will award sanctions under 28 U.S.C. § 1927 for defense counsel against plaintiffs' counsel.

Plaintiffs' counsel argues that the Court should strike defense counsel's request for sanctions because it is a new issue brought up for the first time in a reply brief. ECF No. 15. Generally, "issues cannot be raised for the first time in a reply brief." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000). Nonetheless, district courts have the discretion to consider new issues raised in a reply brief. *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001). Here, the Court finds it appropriate to consider defense counsel's motion for sanctions because the sanctions were necessitated by plaintiffs' counsel's response brief that essentially conceded the arguments made by defense counsel in their original motion to dismiss. Therefore, the Court denies plaintiffs' counsel's Motion to Strike.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Partial Dismissal, ECF No. 7, is **GRANTED**.

2. Plaintiffs' ADA and Rehabilitation Act claims against Ms. Vasquez are dismissed with prejudice.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, GRANTING DEFENDANTS' MOTION FOR COSTS AND FEES, AND DENYING PLAINTIFFS' MOTION TO STRIKE ~ 12

3. Plaintiffs' 42 U.S.C. § 1983 claims against Ms. Vasquez in her individual capacity regarding violations of the ADA and Rehabilitation Act are dismissed with prejudice.

4. Plaintiffs' negligence per se claim is dismissed with prejudice. Plaintiffs may still argue that Defendants acted negligently by violating Washington statutes.

5. Plaintiffs' claims against Kristi Lakey and Kara Beauchamp are dismissed without prejudice.

6. Defendants' Motion under 28 U.S.C. § 1927, **ECF No. 13 at 9**, is **GRANTED**. Defense counsel shall move for sanctions within 14 days of the entry of this order. Plaintiffs' counsel shall respond to defense counsel's motion for sanctions within 7 days of the motion's filing.

7. Plaintiffs' Motion to Strike, **ECF No. 15**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 2, 2019.

                                        *s/ Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
                                        United States District Judge