FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JONNY TORRES, by and through his Personal Representative MANUEL BANDA; JAMIE VALENCIA, parent of Jonny Torres; and MARIA M. TORRES, parent of Jonny Torres,<br><br>            Plaintiffs,<br><br>   v.<br><br>KENNEWICK SCHOOL DISTRICT #17; a quasi-governmental agency and agents thereof with knowledge and responsibility; TAMARA VASQUEZ, individually and in her capacity as Nurse at Highlands Middle School; KENNEWICK PUBLIC HOSPITAL DISTRICT, d/b/a TRIOS HEALTH, and agents thereof with knowledge and responsibility; DR. WHITNEY FIX-LANES, in her capacity acting as a medical doctor for TRIOS HEALTH; DR. SHEILA K. DUNLOP, in her capacity acting as a medical doctor for TRIOS HEALTH; and JOHN and JANE DOE RESIDENT,<br><br>            Defendants. | NO: 4:19-CV-5038-RMP<br><br>ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA K. DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT |

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 1

BEFORE THE COURT is Defendants Kennewick Public Hospital District d/b/a TRIOS Health ("TRIOS Health"), Dr. Whitney Fix-Lanes, Dr. Sheila K. Dunlop, and John/Jane Doe Resident's (the "Medical Defendants") Motion for Summary Judgment. ECF No. 81. The Court has reviewed the motion, the record, and is fully informed.

## BACKGROUND

This case initially involved several Washington state and federal claims against Kennewick School District #17 and Tamara Vasquez, a nurse employed by Highlands Middle School, regarding the death of Jonny Torres. ECF No. 1. A Jury Trial Scheduling Order was filed June 5, 2019, requiring initial disclosures to be made by June 17, 2019, and expert disclosures to be made by January 16, 2020. ECF No. 18 at 3. Plaintiffs submitted their Fed. R. Civ. P. 26 Initial Disclosures on June 17, 2019, and allegedly identified no expert witnesses. ECF No. 83 at 2.

On September 20, 2019, the Court entered an Amended Jury Trial Scheduling, setting forth an expert disclosure deadline of April 16, 2020. ECF 33. This order was vacated on December 19, 2019, before the due date for expert disclosures. ECF No. 40.

Prior to filing the First Amended Complaint, Plaintiffs allegedly supplemented their initial disclosures six times and no expert witnesses were identified. ECF No. 83 at 2.

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 2

On December 19, 2019, Plaintiffs filed their First Amended Complaint adding the Medical Defendants and asserted claims of medical negligence pursuant to Washington State law including "negligence, lack of informed consent, negligent medical treatment, and failure to abide by the general standard of care." ECF Nos. 41 at 26, 42.

On August 11, 2020, the Court entered a Second Amended Jury Trial Scheduling Order. To the extent that the parties had not exchanged initial disclosures considering the First Amended Complaint, the parties were to make initial disclosures by September 30, 2020. Per the Court's Order, the parties were directed to identify their experts and serve written reports by January 28, 2021.

On September 11, 2020, the Medical Defendants moved for summary judgment because Plaintiffs allegedly have failed to proffer expert testimony to substantiate their medical negligence claims under Washington State law. ECF No. 81. The Medical Defendants maintain that since filing the Amended Complaint, Plaintiffs have not supplemented their initial disclosures or otherwise identified expert witnesses. ECF No. 83 at 3. In the alternative, Defendants move for dismissal with prejudice of the unidentified agent[s] John/Jane Doe Resident named in the Plaintiffs' Amended Complaint.

Plaintiffs take no position in response to the Medical Defendants' Motion for Summary Judgment. ECF No. 84 at 5. Plaintiffs assert that Defendants Kennewick

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  School District and Ms. Tamara Vasquez (Burn) have not provided evidence in this

2  matter that would meet Washington's law of fault on medical providers. *Id*. at 4.

3  Plaintiffs state that if the Medical Defendants are dismissed, Kennewick School

4  District[1] will be barred from asserting any affirmative defense apportioning fault to

5  the Medical Defendants. *Id*. at 5. If the Medical Defendants are not dismissed,

6  Plaintiffs project that joint and several liability will be maintained. *Id*. Neither

7  Kennewick School District nor Ms. Tamara Vasquez filed a response to the present

8  motion.

## LEGAL STANDARD

A party is entitled to summary judgment when the "pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine material issue of fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it "is relevant to an element of a claim or defense and whose

---

[1] Dr. Fix-Lanes allegedly provided a doctor's note excusing Jonny Torres' absence from school due to asthma, and further stated that Jonny "is now able to return provided that he dose [sic] not exercise or spend time outdoors while there is smoke in the air. If you have any questions please contact my office." ECF No. 41 at 11. Kennewick School District has asserted that the doctor's note supplied to Jonny Torres' school was "ambiguous" and could have been written more clearly. *See* ECF 35-3 at 7, 10.

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 4

existence might affect the outcome of the suit." *T.W. Elec.Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If a party fails to properly address another party's assertion of fact, the court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it.  Fed. R. Civ. P. 56(e)(3).

## DISCUSSION

### A. Choice of Law

The Medical Defendants assert that Washington law, including the requirement that a plaintiff proffer expert testimony, applies to Plaintiffs' claims of medical negligence and lack of informed consent.  ECF No. 81 at 5.  Plaintiffs do not argue otherwise.  ECF No. 84 at 4 ("A claim of medical negligence requires proof the medical provider violated the standard of care in Washington.").

Where there is no direct conflict between federal and state law, Washington state law will be applied to substantive issues, and federal law will be applied to procedural issues.  *Nw. Mut. Life Ins. Co. v. Koch*, 771 F. Supp.2d 1253, 1255 (W.D. Wash. 2009).  "Washington courts will not engage in a conflicts analysis unless a true conflict exists*." Prime Start Ltd. v. Maher Forest Prod., Ltd*., 442 F. Supp. 2d 1113, 1119 (W.D. Wash. 2006).

Here, there has been no assertion of Federal law which conflicts with Washington State law regarding medical negligence actions. *See* ECF Nos., 41, 84. Therefore, the Court agrees with the parties that the substantive provisions of Washington State law, including the expert testimony requirements, apply here to Plaintiffs' claims for medical negligence and lack of informed consent.

**B. Chapter 7.70 RCW**

Under Washington State law, "whenever an injury occurs as a result of health care, the action for damages for that injury is governed exclusively by RCW 7.70." *Fast v. Kennewick Pub. Hosp. Dist.*, 384 P.3d 232, 236–37 (Wash. 2016) (wrongful death claims caused by medical negligence are also subject to the provisions of chapter 7.70 RCW).

A claim of medical negligence brought pursuant to RCW 7.70.040(1) requires proof that the medical provider violated the standard of care. *Reyes v. Yakima Health Dist.*, 419 P.3d 819, 823 (2018). As acknowledged by Plaintiffs, the applicable standard of care must be established through expert testimony. *Id.*; ECF No. 84 at 4. "[T]o defeat summary judgment in almost all medical negligence cases, the plaintiffs must produce competent medical expert testimony establishing that the injury was proximately caused by a failure to comply with the applicable standard of care." *Watson v. Washington Dep't of Corr.*, No. C17-5968-BHS-TLF, 2018 WL 7150488, at *8 (W.D. Wash. Nov. 15, 2018) (citation omitted). A claim for lack of

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 6

informed consent also requires expert testimony to define the existence and nature of a risk and the likelihood of its occurrence. RCW 7.70.050; *see also Smith v. Shannon*, 666 P.2d 351, 356 (Wash. 1983).

**C. Expert Disclosures**

The Medical Defendants maintain that Plaintiffs have yet to identify experts in support of their claims under Chapter 7.70 RCW. ECF No. 83 at 4. Per the Court's Second Amended Jury Trial Scheduling Order, to the extent that the parties had not exchanged initial disclosures considering the First Amended Complaint, the parties' initial discloses were due by September 30, 2020. ECF No. 79. Expert disclosures were ordered to be made by January 28, 2020. *Id*. The Medical Defendants preemptively filed this motion on September 11, 2020, prior to either deadline.

However, Plaintiffs do not make any argument with respect to the Medical Defendants' assertion of facts or otherwise indicate that expert disclosures are forthcoming. ECF No. 84. Rather, Plaintiffs focus on Defendants Kennewick School District and Ms. Vasquez's inability to raise affirmative defenses against the Medical Defendants should they be dismissed. *See id*. Kennewick School District or Ms. Vasquez have yet to assert a defense or claim against the Medical Defendants and filed no response or objection to the present motion. *See* ECF No. 46 at 24 (asserting that "Plaintiffs may have been comparatively at fault").

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 7

The fact that "Plaintiffs take no position in response to this motion" is surprising. *Id*. at 5.  Plaintiffs requested and were granted leave to amend their complaint in order to add the Medical Defendants and assert claims of medical negligence.  ECF Nos. 36, 41.  Plaintiffs indicate that Kennewick School District and Ms. Vasquez "have not provided evidence in this matter that would meet Washington's law of fault on medical providers."  ECF No. 84 at 4.  However, because these are Plaintiffs' claims, the Plaintiffs bear the burden of proof.  By offering no direct response to the Medical Defendants' arguments, Plaintiffs concede that they "have not provided evidence in this matter that would meet Washington's law of fault on medical providers."  *See id.*

Although the Jury Trial Scheduling Order currently in effect provides until January 28, 2020, for expert disclosures, in light of Plaintiff's non-objection to summary judgment on their own claims and the lack of response from the other Defendants, the Court finds that it would be futile to defer its ruling.  Rather, the Court finds it appropriate to grant the Medical Defendants' Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Kennewick Public Hospital District d/b/a TRIOS Health ("TRIOS Health"), Dr. Whitney Fix-Lanes, Dr. Sheila K. Dunlop, and John/Jane Doe Resident's Motion for Summary Judgment, **ECF No. 81**, is **GRANTED.**

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 8

2. Judgment shall be entered for Defendants Kennewick Public Hospital District d/b/a TRIOS Health ("TRIOS Health"), Dr. Whitney Fix-Lanes, Dr. Sheila Dunlop, and John/Jane Doe on all claims asserted against them.

3. Defendants Kennewick Public Hospital District d/b/a TRIOS Health ("TRIOS Health"), Dr. Whitney Fix-Lanes, Dr. Sheila K. Dunlop, and John/Jane Doe are dismissed with prejudice from this case.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 11, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANTS KENNEWICK PUBLIC HOSPTIAL, DR. WHITNEY FIX-LANES, DR. SHEILA DUNLOP, AND JOHN/JANE DOE RESIDENT'S MOTION FOR SUMMARY JUDGMENT ~ 9