FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JONNY TORRES, by and through his Personal Representative Manuel Banda; JAMIE VALENCIA, parent of Jonny Torres; MARIA M. TORRES, parent of Jonny Torres,<br><br>Plaintiffs,<br><br>v.<br><br>KENNEWICK SCHOOL DISTRICT NO. 17, a quasi-government agency and agents thereof with knowledge and responsibility; TAMARA VASQUEZ, individually and in her capacity as nurse at Highland Middle School,<br><br>Defendants. | No. 4:19-CV-05038-MKD<br><br>ORDER DENYING AS MOOT KSD'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>**ECF No. 437** |

Before the Court is KSD's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 437. KSD asks the Court to "dismiss the Estates' (sic) negligent hiring, supervision, training and retention claims." ECF No. 437 at 2.

ORDER - 1

1  The Estate argues that KSD has misconstrued the Second Amended Compliant and
2  the alleged causes of action.  ECF No. 487 at
3      The Estate's Second Amended Complaint includes as a cause of action
4  "School Negligence and Gross Negligence."  ECF No. 117 at 20-21 ¶¶ 5.1-5.3.
5  Falling under that heading is a paragraph explaining that "Defendants' tortious
6  conduct as described gives rise to the following common law causes of action:  . . .
7  Negligent hiring, training, and retention of employees . . . ."  ECF No. 117 at 20-21
8  ¶¶ 5.2, 5.2.4.  KSD moves to dismiss this cause of action, arguing that the Second
9  Amended Complaint fails to allege sufficient facts supporting a negligent hiring,
10 training, and retention claim.  ECF No. 437 at 4-5.  Such a claim "is applicable
11 only when the [employee] is acting outside the scope of his employment."
12 *Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 137, 208 (Wash. 2018) (quoting
13 Restatement (Second) of Torts § 317 cmt. a).  The Second Amended Complaint
14 contains no allegations that any KSD employee was operating outside of the scope
15 of their employment at any time.  *See* ECF No. 117.
16     The Estate does not defend the negligent hiring, training, and retention
17 claim.  ECF No. 487.  The Estate argues that paragraph 5.2.4 in the Second
18 Amended Complaint should be read as providing "notice that part of the school's
19 negligence includes a failure to reasonably hire, supervise, and retain which is part
20 of the school's direct duties to students under Washington law."  ECF No. 487 at 2.

ORDER - 2

The Estate explains that "[a]s such, it is notice of a fact that KSD breached its duty causing negligence, and not a separate claim for derivative liability on KSD." ECF No. 487 at 4.

The Washington Court of Appeals addressed similar confusion in *Harris v. Fed. Way Pub. Schs.*, 505 P.3d 140, 144-45 (Wash. Ct. App. 2022). *Harris* explains that, while there may be a multitude of causes of action against a school for the actions of its employees, including supervision or training, "there remains a separate cause of action against the [school] based on its common law special relationship." *Id.* The Court of Appeals found that allegations including a failure to train employees can fall within this umbrella-like cause of action, and be used to prove a school's negligence. *Id.* at 147. Further, "the same evidence that would establish . . . negligence under a broad theory of negligent supervision will also establish . . . negligence in failing to protect an individual from all foreseeable harms." *Anderson*, 423 P.3d at 212 n.18. In other words, KSD may be negligent for hiring the wrong person, even where that person operates within the bounds of his or her scope of employment to cause harm.

In its Reply, KSD concedes that "since the Estate now represents that these thirteen allegations, including the allegations of negligent supervision, hiring, training and retention of employees, are not separate and stand-alone claims against KSD, the Motion to Dismiss can be denied." ECF No. 509 at 3-4. Further,

ORDER - 3

KSD concedes that "[a]t trial, the Estate is free to argue that KSD's alleged negligent supervision, hiring, training and retention are evidence supporting its general negligence claim." ECF No. 509 at 4.

The language in the Second Amended Complaint may be interpreted as alleging a cause of action premised upon KSD's negligent hiring, training, and retention of an employee that caused injury while not on duty. The Estate has now clarified and conceded that it does not pursue such a theory. The parties, and the Court, now share the same interpretation of the language: Enumerating and alleging various specific instances of negligence, of which KSD's alleged broader "school negligence" or "general negligence" is comprised. The Court considers KSD's Fed. R. Civ. P. 12(b)(6) motion moot in light of both KSD and the Estate's concessions.

Accordingly, **IT IS HEREBY ORDERED:**

1. KSD's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), **ECF No. 437**, is **DENIED AS MOOT.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED October 18, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4