FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JONNY TORRES, by and through his Personal Representative Manuel Banda; JAMIE VALENCIA, parent of Jonny Torres; MARIA M. TORRES, parent of Jonny Torres,<br><br>Plaintiffs,<br><br>v.<br><br>KENNEWICK SCHOOL DISTRICT NO. 17, a quasi-government agency and agents thereof with knowledge and responsibility; TAMARA VASQUEZ, individually and in her capacity as nurse at Highland Middle School,<br><br>Defendants. | No. 4:19-CV-05038-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH AND CAUSE<br><br>ECF No. 445 |

Before the Court is Plaintiffs Estate of Jonny Torres, Jamie Valencia, and Maria M. Torres (collectively "the Estate's") Motion for Partial Summary Judgment on Breach and Cause, ECF No. 445. On March 11, 2024, the Court held a hearing on the Estate's state law claims. ECF No. at 545. Marcus Sweetser and

ORDER - 1

Marshall Casey appeared on behalf of the Estate. Rachel Platin appeared on behalf of Defendants Kennewick School District No. 17 ("KSD") and Tamara Brun ("Nurse Brun") (collectively "Defendants").

This case concerns the death of Jonny Torres ("Torres"), a student at KSD who visited Nurse Brun on the day that he had a severe medical event resulting in his death. ECF No. 117. The Estate brings state law claims against KSD and Nurse Brun arising under Washington's wrongful death, survivorship, and negligence laws. *Id.* at 20-21. The Estate moves for summary judgment on the breach and cause elements of its state law negligence claim, as well as comparative fault, apportionment of fault, and the reasonableness of medical bills and funeral costs. ECF No. 445.

For the reasons stated on the record and supplemented herein, the Estate's motion for summary judgment is denied as to breach and causation, granted as to the apportionment of fault to any plaintiff, and granted as to the reasonableness of the Estate's medical bills and funeral costs. The issue of apportionment of fault to a nonparty is taken under advisement to be addressed in a separate order in conjunction with other pending motions.

## BACKGROUND

In this motion, the Estate also sought summary judgment on its federal law claims, ECF No. 445, which the Court ruled on by separate order, ECF No. 543.

ORDER - 2

The Court refers to its Order at ECF No. 543, as the factual basis underlying the instant order.

## LEGAL STANDARD

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).

The moving party bears the initial burden of informing the district court of the basis for its motion and identifying the portions of the record and the evidence that demonstrate the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323 (quoting former Fed. R. Civ. P. 56(c)). After the moving party has satisfied its burden, to survive summary judgment, the non-moving party must

ORDER - 3

demonstrate with evidence on the record "specific facts" showing that there is a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252. A party may move for summary judgment on part of a claim or defense. Fed. R. Civ. P. 56(a).

The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird*, 908 F.3d at 459. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255.

# DISCUSSION

A showing of negligence requires four elements: "(1) existence of a legal duty, (2) breach of that duty, (3) an injury resulting from the breach, and (4) proximate cause." *Christensen v. Royal Sch. Dist.*, 124 P.3d 283, 285 (Wash. 2005). The Estate seeks summary judgment on the elements of breach and causation. ECF No. 445 at 10-28.

**A. Duty**

"The existence of a legal duty is a question of law for the court." *McKown v. Simon Prop. Grp., Inc.*, 344 P.3d 661, 664 (Wash. 2015). Where a duty is found to exist, "concepts of foreseeability serve to define the scope of the duty owed."

ORDER - 4

*Id.* at 664-65.  "[I]n order to establish foreseeability, the harm sustained must be reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant." *Id.* at 665.  This inquiry "is a question of fact for the jury." *Id.*

The Estate moves for summary judgment as to both Defendants.  Therefore, the Estate must establish a duty owed by each.

1. KSD

In Washington, there is "a special relationship between school districts and their students." *Harris v. Fed. Way Pub. Schs.*, 505 P.3d 140, 145 (Wash. Ct. App. 2022).  This relationship imposes a duty on the school district "to anticipate dangers which may reasonably be anticipated, and then to take precautions to protect the pupils in its custody from such dangers." *N.L. v. Bethel Sch. Dist.*, 378 P.3d 162, 167 (Wash. 2016) (quoting *McLeod v. Grant Cnty. Sch. Dist.*, 255 P.2d 360, 362 (Wash. 1953)).  "[A]s it supervises the pupils within its custody, the district is required to exercise such care as a reasonably prudent person would exercise under the same or similar circumstances." *J.N. v. Bellingham Sch. Dist. No. 501*, 871 P.2d 1106, 1111 (Wash. Ct. App. 1994).  The school is not liable where it "neither knows nor should know of the unreasonable risk." *Hendrickson v. Moses Lake Sch. Dist.*, 428 P.3d 1197, 1201 (Wash. 2018).

"[U]nlike most parties, school districts have a duty to protect their students

ORDER - 5

from foreseeable harm." *Id.* A school's duty extends to a "larger pool of risk" than the typical negligence defendant, requiring the school "take affirmative precautions for the aid or protection" of its students, but "the standard of care remains one of ordinary, reasonable care." *Id.* at 1201-02.

Relatedly, a duty arises "to control the conduct of a third person as to prevent him from causing physical harm to another" where "a special relation exists between the actor and the other which gives to the other a right to protection." Restatement (Second) of Torts § 315(b) (1965); *H.B.H. v. State*, 429 P.3d 484, 492-93 (Wash. 2018) (applying Restatement (Second) of Torts § 315(b)). "A school district is liable for the tortious acts or omissions of its officers, agents, or servants, according to the normal rules of tort law." *Travis v. Bohannon*, 115 P.3d 342, 345-46 (Wash. Ct. App. 2005).

The question of whether the harm sustained was within the "general field of danger" is "normally an issue for the jury; it can be decided as a matter of law only where reasonable minds cannot differ." *J.N.*, 871 P.2d at 1111; *see Pacheco v. United States*, 515 P.3d 510, 522 (Wash. 2022) ("[T]he foreseeability of [plaintiff's injury] is not a question of law as to whether duty exists. Instead, it is a question of fact, which asks whether the kind of harm which actually occurred should have been foreseen based on the evidence presented.") (quotations omitted).

Defendants do not dispute that KSD owed a duty of care to Torres. ECF No.

ORDER - 6

522 at 3.  The Estate refers to this duty as "enhanced" and "heightened."  ECF No. 445 at 10-11.  The Washington Supreme Court has explicitly stated that "[w]e have never held that a school district is subject to a *heightened* duty of care." *Hendrickson*, 428 P.3d at 1202-03 (emphasis in original).  The court explained, "[t]o the extent that the Court of Appeals' cases describing the duty as one of 'heightened' care, rather than ordinary care, have resulted in situations where more than reasonable care was required, they are inaccurate in this regard." *Id.* at 1202 n.4.

As a matter of law, KSD owed Torres a duty to anticipate dangers which may reasonably be anticipated, and then to take precautions to protect the pupils in its custody from such dangers, *N.L.*, 378 P.3d at 167, and to control the conduct of third persons, *H.B.H.*, 429 P.3d at 492-93.  Further, KSD is liable for "tortious acts or omissions of its officers." *Travis*, 115 P.3d at 345-46.

The Estate must further prove that Torres's harm fell within the general field of danger that KSD should have guarded against.  *J.N.*, 871 P.2d at 1111.  KSD does not dispute foreseeability.  ECF No. 522.  The Estate argues the injury was foreseeable because Dr. Fix-Lanes' note and the IHP gave notice of Torres's life-threatening asthma, and those documents were in KSD's possession.  ECF No. 528 at 5.  It may be that actual notice informs a foreseeability analysis.  *See McKown*, 344 P.3d at 668-69.

ORDER - 7

More broadly, it is undisputed that "[m]any of the students with asthma at Highlands Middle School have exercise as a trigger." ECF No. 519 at 4 ¶ 16. The Estate offers evidence of KSD's policies surrounding asthma indicating it knew of the risk presented. ECF Nos. 447-28, 447-29, 447-51, 525-1. It would likely defy reason for a jury to conclude that asthma-related student injury or death was not within the general field of danger which a school should anticipate. "[N]o reasonable trier of fact could find other than" for the Estate on the question of foreseeability. *Rookaird*, 908 F.3d at 459.

*2. Nurse Brun*

The Estate brings a negligence claim against Nurse Brun. ECF No. 117 at 20-21. The Estate offers no argument as to the duty that Nurse Brun owed to Torres separate from that owed by KSD, but does argue that Nurse Brun, specifically, breached her duty in several discrete instances. ECF No. 445 at 14-15.

"As a general proposition, everyone has a duty to exercise ordinary care." *Callan v. O'Neil*, 578 P.2d 890, 893 (Wash. Ct. App. 1978). This is a duty to exercise "that degree of care which the reasonably prudent person would exercise in the same or similar circumstances." *Swank v. Valley Christian Sch.*, 398 P.3d 1108, 1120 (Wash. 2017).

Medical negligence in Washington is governed by statute. *Grove v.*

ORDER - 8

*PeaceHealth St. Joseph Hosp.*, 341 P.3d 261, 264-65 (Wash. 2014); *see also* RCW 7.70.010.  The statute does not define health care, but Washington courts have "defined the term to mean 'the process in which [the health care provider] was utilizing the skills which [s]he had been taught in examining, diagnosing, treating or caring for the plaintiff as his patient.'" *Beggs v. Dep't of Soc. & Health Servs.*, 247 P.3d 421, 426 (Wash. 2011).  Health care by nurses falls within the ambit of the statute.  RCW 7.70.020.  The statute provides recovery when the "injury resulted from the failure of a health care provider to follow the accepted standard of care."  RCW 7.70.030(1).  The standard of care required of health care providers is "that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances[.]"  RCW 7.70.040(1)(a).

As a matter of law, Nurse Brun is subject to the general "duty to exercise ordinary care."  *Callan*, 578 P.2d at 893.  Nurse Brun is a licensed registered nurse.  *See* ECF No. 439 at 2 ¶ 1.  To the extent she provided health care to Torres, she is subject to a duty to exercise "the accepted standard of care" of a nurse when providing health care.  RCW 7.70.030.

The Estate did not plead medical negligence under the relevant statute.  *See* ECF No. 117.  Yet, the Estate seeks to establish in its motion that Nurse Brun

ORDER - 9

breached her duty "[a]s a medical professional working in the school[.]" ECF No. 445 at 9.  Defendants offer expert testimony as to a school nurse's standard of care.  ECF No. 522 at 11.  However, none of the briefing submitted addresses whether a negligence claim against a school nurse should be construed as arising under the medical negligence statute.  The Court need not resolve this issue, here.  Under either standard of care, issues of fact preclude a finding that breach is established as a matter of law.

**B. Breach**

"Breach is the failure to exercise ordinary care, or alternatively phrased, the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Schwartz v. Elerding*, 270 P.3d 630, 634 (Wash. Ct. App. 2012), *overruled on other grounds by Hendrickson*, 428 P.3d at 1202 n.2.  Whether or not reasonable care has been used is generally a question for a jury.  *Walter Fam. Grain Growers, Inc. v. Foremost Pump & Well Servs., LLC*, 506 P.3d 705, 712 (Wash. Ct. App. 2022).  However, "the court may determine the issue as a matter of law if reasonable minds could not differ." *Harper v. Dep't of Corr.*, 429 P.3d 1071, 1076 (Wash. 2018).

The Estate argues that several discrete instances of breach are undisputed.  Summary judgment may not be granted upon numerosity, alone.  There are many disputes of fact precluding such a sweeping finding.  Moreover, negligence is a

ORDER - 10

"fine-grained factual analysis" and "issues of negligence . . . are generally not susceptible to summary judgment." *Swank*, 398 P.3d at 1120.  The Estate has not identified any case where summary judgment was granted in favor of a plaintiff on a negligence claim.  It would be extraordinary relief to do so, here.  The Court considers each alleged instance of a breach, separately.

The Estate argues that KSD and Nurse Brun breached their duties by failing to follow the directives in Dr. Fix-Lanes' note and Torres's IHP.  ECF No. 445 at 12.  It is undisputed that "KSD possessed [Torres's] IHP which indicated that his asthma was life-threatening and possessed [Torres's] doctor's note that restricted his exercise."  ECF No. 519 at 5 ¶ 30.  Further, it is undisputed that KSD had some knowledge of Torres's asthma from previous school years, and that Torres's mother told someone at KSD that he had asthma at the start of the 2017-18 school year.  ECF No. 519 at 3 ¶ 9.

What remains in dispute is the extent of what KSD and Nurse Brun knew and when.  It is disputed whether KSD or Nurse Brun were aware of Dr. Fix-Lanes' note in any actionable way prior to September 14, 2017.  ECF Nos. 439 at 8-9 ¶ 21-25; ECF No. 447-25 at 2; ECF No. 519 at 7 ¶ 43.  While KSD may have had Dr. Fix-Lanes' note and Torres's IHP in its possession, it is for the jury to decide whether KSD's handling and lack of action on them breached a standard of care.  Regarding the IHP, it is not a foregone conclusion that the document outlines

ORDER - 11

the applicable standard of care, and any departure therefrom is a breach. The Estate cites to no authority suggesting the IHP equates to a standard of care. In fact, Defendants offer a school nursing expert's opinion suggesting otherwise. ECF No. 482-1 at 12.

The Estate, itself, seeks to impose a standard of care that departs from that outlined in the IHP, arguing that Nurse Brun breached her duty by failing to use a stethoscope or oximeter on Torres. ECF No. 445 at 15. The Estate offers no evidence that the applicable standard of care requires a nurse to use stethoscopes or oximeters. Instead, the Estate indicates that KSD recommended the tools for its nurse's offices. *Id*. KSD offers a school nursing expert who does not agree that such tools are required by the standard of care. ECF No. 492-1 at 14. The Court will not resolve a factual dispute at summary judgment. *Strauss v. Premera Blue Cross*, 449 P.3d 640, 642 (Wash. 2019) ("Generally speaking, expert opinion on an ultimate question of fact is sufficient to establish a triable issue and defeat summary judgment.").

KSD's duty was to anticipate foreseeable harms and to "exercise reasonable care under the circumstances," and it is not liable where it "neither knows nor should know of the unreasonable risk." *Hendrickson*, 428 P.3d at 1201-02. Nurse Brun's duty was, at most, to adhere to the accepted standard of care of a nurse when providing health care to Torres, RCW 7.70.030, and to otherwise adhere to

ORDER - 12

1   the "duty to exercise ordinary care" when not.  *Callan*, 578 P.2d at 893.  It may be

2   that Dr. Fix-Lanes' note and the IHP inform the relevant standard of care, or that

3   the standard of care requires compliance with those documents.  On this record,

4   however, whether KSD failed its duty as a school, or Nurse Brun as a nurse, is

5   heavily disputed.

6        The Estate argues that Nurse Brun failed to identify Torres's condition and

7   recognize the risk that he faced, in particular because she saw Torres wearing gym

8   clothes, indicating he had been, or would soon be, exercising.  ECF No. 445 at 14.

9   The Estate argues that Nurse Brun's care was insufficient, in that Torres used his

10  inhaler himself, Brun did not observe him long enough, and gave him doses too

11  close in time.  ECF No. 445 at 14-15.  Even if the Court were to hold her to the

12  standard of medical negligence, Nurse Brun's duty is to exercise the "degree of

13  care, skill, and learning expected of a reasonably prudent" school nurse, "acting in

14  the same or similar circumstances[.]"  RCW 7.70.030.  The Estate points to no

15  evidence, expert or otherwise, indicating that a reasonably prudent school nurse

16  would have seen something or did something that Nurse Brun did not see or do.

17  Further, Torres's appearance and condition when he saw Nurse Brun is in dispute.

18  *See* ECF No. 272 at 6-7 ¶ 17; ECF No. 274 at 2 ¶ 5; ECF No. 392-15; ECF No.

19  392-25; ECF No. 453-27.  Whether Nurse Brun exercised the degree of care, skill,

20  and learning necessitated by the standard of care is in dispute.

ORDER - 13

The Estate argues that KSD and Nurse Brun breached their duties by failing to inform the physical education teacher of Torres's condition. ECF No. 445 at 12. The Estate argues Nurse Brun failed to complete an Asthma Accommodation Plan. ECF No. 445 at 14. Further, the Estate insinuates negligence from the failure to contact Torres's parents. ECF No. 445 at 17. The Estate cites to no authority indicating that the applicable standard of care would demand, as a matter of law, that KSD and Nurse Brun complete these tasks upon learning of Torres's asthma. ECF No. 445 at 14. Defendants' school nursing expert opines that Nurse Brun did not violate the standards of care applicable to a school nurse while interacting with Torres on September 7, 2017. ECF No. 492-1 at 14. The Court declines to find a breach, as a matter of law and fact, over an expert's opinion suggesting otherwise. *Strauss*, 449 P.3d at 642.

The Estate argues that KSD breached its duty because the school lacked proper air filtration, due to the quality of the air filters and their maintenance schedule. ECF No. 445 at 12-13. The Estate offers evidence in support of a standard of care, including the user's guide and the testimony of a KSD employee who maintained the filters. *Id.* at 13. The Estate asks the Court to find that KSD's expert, who has opined that KSD's HVAC system met the relevant industry standard, is factually incorrect. *See* ECF No. 453-1. The Court cannot do so at summary judgment. *Strauss*, 449 P.3d at 642.

ORDER - 14

The Estate argues that KSD breached its duty because the Washington Department of Health issued guidelines that children should not have run in gym class on September 7, 2017.  ECF No. 445 at 12-14.  In Washington, violations of statute, ordinance, or administrative rule may be "considered as evidence of negligence."  *Walter Fam. Grain Growers*, 506 P.3d at 711.  However, "Washington has eliminated negligence *per se* for the violation of a regulation[.]" *Id.*  Compliance with guidelines and regulations is relevant to the question of negligence, but is not dispositive.  *See id.* at 712.  Here, KSD's students were running inside, with some degree of air filtration, whether up to code or not, and ran for a short amount of time.  Reasonable minds could differ on whether the decision to direct them to do so was a breach of KSD's duty.  *Harper*, 429 P.3d at 1077.

In sum, the Estate's motion contains a number of facts that, if proven, may support a reasonable jury finding of breach.  The negligence standard is generally not susceptible to summary judgment, and the Estate has offered no authority demonstrating appropriate circumstances where a court may find a breach in favor of a plaintiff.  *Id.* at 1078; *Swank*, 398 P.3d at 1121.  The Estate's motion is denied.

### C. Causation

The Estate has not established as a matter of law a breach of the standard of care.  Therefore, the Court need not proceed to causation.  As a brief observation,

the Estate asks the Court to overlook extensive contradicting medical expert

the Estate asks the Court to overlook extensive contradicting medical expert reports and testimony in favor of cherry-picked lay testimony and cross examination of experts at deposition. *See, e.g.*, ECF No. 472-2 at 2-3 (Dr. Cornfield's opinion that exercise did not cause acute respiratory distress); ECF No. 453-20 at 4 (Dr. Abrahamian's opinion that the administration of epinephrine intravenously caused Torres's injury); ECF No. 453-25 at 2 (Dr. Montanaro's opinion that two minutes of exertion was not a factor in Torres's death). The Court declines to do so.

**D. Fault of Torres and Torres's Parents**

Defendants' Answer alleges as an affirmative defense that, "[b]ased upon information and belief, Plaintiffs may have been comparatively at fault." ECF No. 120 at 25 ¶ A. The Estate argues that Torres "is a fault-free plaintiff." ECF No. 445 at 34 (citations omitted). Defendants do not dispute the issue. Summary judgment is granted in favor of the Estate on any affirmative defense asserting Torres's affirmative defense.

The Estate argues that "[Torres's] parents are fault-free plaintiffs as a matter of law." ECF No. 445 at 34 (citing *Smelser v. Paul*, 398 P.3d 1086, 1087 (2017)). The parties agree that recovery pursuant to RCW 4.22 *et seq.* may not be reduced by fault attributable to Torres's parents. *See Smelser*, 398 P.3d at 1087. However, Defendants argue that apportionment of fault remains appliable to Torres's parents

claim, if not the Estate's claims. ECF No. 522.

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (citations omitted). Defendants point to no evidence in support of their affirmative defense that Torres's parents are at fault. ECF No. 522 at 21. Defendants offer a conclusory statement with no citation to the record or to caselaw. *Id.* Defendants have not met their obligation under Fed. R. Civ. P. 56(c) to cite to materials in the record precluding summary judgment. Summary judgment is granted as to any affirmative defense asserting the fault of any plaintiff.

### E. Third Party Fault

The Estate reraises issues presented in a prior motion for summary judgment that remains pending related to the fault of third parties. *See* ECF No. 382. The arguments will be addressed in a separate order. The Court construes this portion of the Estate's motion duplicative and moot.

### F. Medical Bills and Funeral Costs

The Estate argues that its "submitted medical bill charges from September 7, 2017, through [Torres's] removal from machine assistance on September 25, 2017, in the total of $360,645.35 were reasonable and necessary." ECF No. 445 at 36.

1  The Estate argues that "the submitted funeral and burial expenses in the total of
2  $2,999.17 were reasonable and necessary." *Id*. Defendants do not dispute the
3  reasonableness or necessity of these expenses. ECF No. 522 at 21. Summary
4  judgment is granted as to the reasonableness of the Estate's medical bills and
5  funeral costs.

## CONCLUSION

7  The Estate's motion for summary judgment on the elements of breach and
8  causation is denied. Summary judgment is granted as to the apportionment of fault
9  to any plaintiff and the reasonableness of the Estate's medical bills and funeral
10 costs. The issue of apportionment of fault to a nonparty is taken under advisement
11 to be addressed in separate order.

12  Accordingly, **IT IS HEREBY ORDERED:**

13  1.  The state law claims in the Estate's Motion for Summary Judgment on
14 Breach and Cause, **ECF No. 445,** are **GRANTED in part** and **DENIED in part**.

15  **IT IS SO ORDERED**. The District Court Executive is directed to file this
16 Order and provide copies to the parties.

17  DATED March 15, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 18