FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JONNY TORRES, by and through his Personal Representative Manuel Banda; JAMIE VALENCIA, parent of Jonny Torres; MARIA M. TORRES, parent of Jonny Torres,<br><br>Plaintiffs,<br><br>v.<br><br>KENNEWICK SCHOOL DISTRICT NO. 17, a quasi-government agency and agents thereof with knowledge and responsibility; TAMARA VASQUEZ, individually and in her capacity as nurse at Highland Middle School;<br><br>Defendants. | No. 4:19-CV-05038-MKD<br><br>ORDER DENYING DEFENDANT KSD'S MOTION TO CERTIFY<br><br>**ECF No. 435** |

Before the Court is Defendant Kennewick School District No. 17 ("KSD's") Motion to Certify, ECF No. 435. On August 31, 2023, the Court held a hearing on the motion, ECF No. 495. Marshall Casey, Marcus Sweetser, and Isaiah Peterson appeared on behalf of Plaintiffs the Estate of Jonny Torres, Jamie Valencia, and

ORDER - 1

Maria M. Torres (collectively "the Estate"). Michael McFarland and Rachel Platin appeared on behalf of KSD and Defendant Tamara Brun ("Nurse Brun") (collectively "the KSD Defendants").

This case concerns the death of Jonny Torres ("Torres"), a KSD student who visited Nurse Brun's office and later that day suffered a severe medical emergency resulting in his death. *See* ECF No. 117. The Estate brings state law negligence claims against the KSD Defendants. ECF No. 117 at 20-21. The KSD Defendants assert several affirmative defenses in their Answer. ECF No. 120 at 25-26. On April 3, 2023, the Estate moved for partial summary judgment on certain affirmative defenses ("Affirmative Defenses Motion"). ECF No. 382. KSD moves to certify legal questions raised in the motion to the Washington Supreme Court. ECF No. 435. For the reasons stated herein, KSD's motion is denied.

## BACKGROUND

The factual circumstances underlying this litigation, disputed and undisputed, have been thoroughly briefed in prior motions and orders. The Court refers to its orders at ECF Nos. 421, 543, for the factual basis underlying the instant order.

## LEGAL STANDARD

A federal court applying state law must "approximate state law as closely as possible in order to make sure that the vindication of the state right is without

ORDER - 2

discrimination because of the federal forum." *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (quoting *Ticknor v. Choice Hotels Int'l Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)) (quotation marks omitted). "If the state's highest appellate court has not decided the question presented, then [the federal court] must predict how the state's highest court would decide the question." *Id.*

"However, if state law permits it," the federal court has "discretion to certify a question to the state's highest court" to ascertain the state's highest court's interpretation of the state's laws. *Id.* (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). The certification process should be invoked "only after careful consideration," and a federal court should not do so "lightly." *Id.* at 1072 (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003)) (quotation marks omitted). To decide whether to exercise discretion, a court should consider:

> (1) whether the question presents "important public policy ramifications" yet unresolved by the state court;
> (2) whether the issue is new, substantial, and of broad application;
> (3) the state court's caseload; and
> (4) "the spirit of comity and federalism."

*Id.* (quoting *Kremen*, 325 F.3d at 1037-38).

Washington law permits certification "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined." RCW 2.60.020; *see also Nwauzor v. GEO Grp., Inc.*, 62

ORDER - 3

F.4th 509, 513 (9th Cir. 2023). Certification is appropriate where a federal court "believe[s] that the Washington Supreme Court is better qualified to answer [the question] in the first instance[,]" the question "has not been clearly determined by the Washington courts, and the answer . . . is outcome determinative." *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022) (citations, quotation marks and alterations omitted).

## DISCUSSION

In its Affirmative Defenses Motion, the Estate asks the Court to dismiss three affirmative defenses. ECF No. 382. Substantively, the challenged affirmative defenses are: (1) that a non-party, the City of Kennewick, is at fault,[1] (2) that the City is solely at fault, and (3) that the City's actions or inactions were a superseding cause of Torres's injury. *Id.* at 2.

KSD identifies a question of state law concerning the interplay between Washington's apportionment of fault statute, RCW 4.22.070, and the "original tortfeasor rule," as described in the Restatement (Second) of Torts § 457 (Am. L. Inst. 1965) and adopted by the Washington Supreme Court in *Lindquist v. Dengel*,

---

[1] The City of Kennewick and four of its employees were joined as defendants in the Second Amended Complaint, ECF No. 117, but were dismissed from this case on June 2, 2023, ECF No. 421.

ORDER - 4

595 P.2d 934, 936-37 (Wash. 1979). ECF No. 435 at 2. KSD requests that the Court certify the following question to the Washington Supreme Court: "In a case involving successive tortfeasors, does *Lindquist v. Dengel* preclude allocation of fault under RCW 4.22.070 to the subsequent tortfeasor?" *Id.* at 11.

### A. The Question Presented

The Washington Supreme Court decided *Lindquist* in 1979. 595 P.2d 934. In *Lindquist*, a patient sought treatment from a doctor for a lung problem, the doctor examined the patient and ran tests, but took no action. *Id.* at 935. Time passed, and the patient returned with tuberculosis. *Id.* The doctor referred the patient to a surgeon, who removed a substantial portion of the patient's lung. *Id.* at 936. The patient was left with a partial disability. *Id.* The patient brought a negligence action against the doctor for failing to diagnose the tuberculosis. *Id.* The doctor introduced evidence that the surgeon should not have performed the surgery, and to do so was negligent. *Id.* At trial, the court instructed the jury that "physicians acting independently of one another" are not liable for the other's negligence. *Id.* The jury found the doctor and the surgeon each 50 percent responsible and found $5,000 in damages. *Id.* Judgment was entered against the doctor for $2,500. *Id.*

ORDER - 5

On appeal, the Washington Supreme Court expressly adopted the rule stated in Restatement (Second) of Torts § 457, recognizing that the rule had long been the law in Washington. *Id.* at 936-37. The rule is:

> If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner.

*Id.* (quoting Restatement (Second) of Torts § 457). The court reversed and remanded for a new trial because the jury instructions contradicted this rule. *Id.* at 938.

In the years since, Washington courts and federal courts alike continue to cite *Lindquist* as good law. *See, e.g., Daly v. United States*, 946 F.2d 1467, 1471 (9th Cir. 1991); *Sudre v. Port of Seattle*, No. C15-0928, 2016 WL 7035062, at *14-15 (W.D. Wash. Dec. 2, 2016); *Henderson v. Tyrrell*, 910 P.2d 522, 542 n.17 (Wash. Ct. App. 1996); *Swager v. CCM Holdings, LLC*, No. 38438-1-III, 2023 WL 3116665, at *27-28 (Wash. Ct. App. Apr. 27, 2023), *review denied*, 536 P.3d 183 (2023); *Crane v. Swedish Health Servs.*, No. 17-2-27430-5, 2019 Wash. Super. LEXIS 12299, at *2 (Wash. Super. Ct. Nov. 12, 2019).

*Lindquist* was decided at a time when Washington courts applied joint and several liability, meaning each contributing tortfeasor to an indivisible injury "was liable for the entire harm and the injured party could sue one or all of the

ORDER - 6

1   tortfeasors to obtain a full recovery." *Washburn v. Beatt Equip. Co.*, 840 P.2d 860,
2   885 (Wash. 1992).  Washington's Tort Reform Act of 1986 "abolished joint and
3   several liability for most causes of action in favor of proportionate damages,"
4   *Coulter v. Asten Group, Inc.*, 146 P.3d 444, 446-47 (Wash. Ct. App. 2006).  This
5   principle is also called "several liability[,]" *Washburn*, 840 P.2d at 886, and
6   "comparative fault[.]" *Dep't of Transp. v. Mullen Trucking 2005, Ltd.*, 451 P.3d
7   312, 314 (Wash. 2019).

8       The proportionate damages rule is codified at RCW 4.22.070(1), which
9   provides in relevant part that in "actions involving fault of more than one entity,"
10  the fact finder shall "determine the percentage of the total fault which is
11  attributable to every entity which caused the claimant's damages[.]"  These
12  "entities" may include claimants, non-parties, third parties, and certain entities
13  immune from liability to the claimant.  *Id.*  Then, "[j]udgment shall be entered
14  against each defendant . . . in an amount which represents that party's
15  proportionate share of the claimant's total damages."  RCW 4.22.070(1).  In short,
16  "when multiple tortfeasors cause a plaintiff's injuries, each tortfeasor is liable only
17  for damages corresponding to its proportionate share of fault as determined by the
18  trier of fact."  *Barton v. Dep't of Transp.*, 308 P.3d 597, 602 (Wash. 2013).

19      A question arises from the interplay of these two principles of law, as KSD
20  identifies.  ECF No. 435 at 7-11.  Assuming that a tortfeasor negligently causes an

ORDER - 7

injury, and a third party negligently renders aid for that injury, causing further injury, should the tortfeasor be held liable for all of the resulting damages? Or should liability be apportioned between the tortfeasor and the third party? KSD contends that *Lindquist* and RCW 4.22.070 seem to offer contradictory answers.

**B. Whether Washington Courts Have Answered the Question**

Certification is appropriate only where "state law issues are unclear[.]" *Potter*, 46 F.4th at 791. The Washington Supreme Court has not commented on the relationship between *Lindquist* and RCW 4.22.070, but there is guidance from other Washington courts. The Washington Supreme Court has commented extensively on the common law of foreseeability, duty, and causation, and on RCW 4.22.070.

In a 1992 case in federal court, the plaintiffs moved to exclude evidence of medical negligence that occurred during treatment of the injury defendant allegedly caused. *Workman v. Chinchinian*, 807 F. Supp. 634, 643 (E.D. Wash. 1992). The movant argued that, because the *Lindquist* rule would impose liability for any subsequent negligence on the original tortfeasor, evidence of the subsequent negligence was irrelevant. *Id.* The court disagreed and found the evidence relevant and admissible, suggesting that RCW 4.22.070 superseded the *Lindquist* rule. *Id.*

ORDER - 8

Four years later, the Washington Court of Appeals upheld a jury instruction based upon *Lindquist*, explaining that "[w]e are aware of, but disagree with, a federal district court's conclusion that RCW 4.22.070 abrogated the common law *Lindquist* rule." *Henderson*, 910 P.2d at 542 n.17 (citing *Workman*, 807 F. Supp. at 643). The *Henderson* court found that the *Lindquist* instruction was "a correct statement of the law." *Id.* at 542. The Superior Court of King County discussed this exchange in 2019, and concluded that "*Lindquist* and RCW 4.22.070 can coexist[.]" *Crane*, 2019 Wash. Super. LEXIS 12299, at *2-3.

Although silent on the instant question, the Washington Supreme Court has made clear that "[p]rinciples of common law survive RCW 4.22.070[.]" *Afoa v. Port of Seattle*, 421 P.3d 903, 910 (Wash. 2018). Indeed, the Washington Supreme Court has considered the interplay of common law rules and tort reform statutes, including RCW 4.22.070, on several occasions. *See, e.g.*, *Mullen Trucking 2005*, 451 P.3d at 315-17; *Afoa*, 421 P.3d at 910; *Smelser v. Paul*, 398 P.3d 1086, 1089-91 (Wash. 2016); *Kim v. Budget Rent A Car Sys., Inc.*, 15 P.3d 1283, 1289-90 (Wash. 2001). These cases provide precedent for reconciling the common law with tort reform statutes. Although there is no precise answer to the instant question, those principles may be reliably applied in this case. *See Syngenta Seeds, Inc. v. Cnty. of Kauai*, 842 F.3d 669, 681 (9th Cir. 2016) (affirming the district court's denial of certification because, "while the Hawaii Supreme Court has not

ORDER - 9

applied its preemption test to the specific laws at issue, certification is unnecessary because the State's test for implied state preemption is 'rather well-defined.'"); *Flores v. Wells Fargo Bank, N.A.*, No. C21-6, 2023 WL 1967262, at *3 (W.D. Wash. Feb. 13, 2023) ("Where there is sufficient state law to enable this court to make an informed decision on the issues, certification is inappropriate.") (quoting *Richardson v. City & Cnty. of Honolulu*, 802 F. Supp. 326, 344 n.30 (D. Haw. 1992), *aff'd*, 124 F.3d 1150 (9th Cir. 1997)) (quotation marks and alterations omitted).

The decisions from Washington's lower courts on this issue, and the decisions from the Washington Supreme Court on analogous issues, provide guidance. Because the Court is sufficiently equipped to "approximate state law" on the question certification is not appropriate at this time. *Murray*, 924 F.3d at 1071.

**C. Whether the Question Is New, Substantial, and of Broad Application**

Certification is appropriate where "the issue is new, substantial, and of broad application." *Murray*, 924 F.3d at 1072. The *Lindquist*/RCW 4.22.070 question does not require interpretation of a new law, or application of an old law in new circumstances. *See, e.g.*, *Potter*, 46 F.4th at 789 (certifying a question on the validity of a recently enacted ordinance under an alleged state-law right to travel); *Murray*, 924 F.3d at 1072-73 (certifying a question about the retroactivity of a state

ORDER - 10

bill enacted one month prior); *Kremen*, 325 F.3d at 1042-43 (certifying questions about the application of existing state law to new technology). *Lindquist* is not new, RCW 4.22.070 is not new, and the purported contradiction in the law has existed for nearly four decades.

The *Lindquist*/RCW 4.22.070 question is arguably "substantial" in this case, because the KSD Defendants may attempt to apportion damages to a statutorily immune non-party. *See* ECF No. 390; ECF No. 421. Presumably, any defendant that causes an injury requiring medical treatment through negligence would be interested in whether he may reduce an award due to the negligence of the treatment provider. However, the instant question appears less "substantial" or of "broad application" than other questions that have been certified. *See, e.g.*, *Potter*, 46 F.4th at 789 (certifying a question clarifying whether the Washington Constitution or other state law protects a right to intrastate travel); *Murray*, 924 F.3d at 1072 (certifying a question about whether Montana law considers dinosaur fossils "minerals," given that Montana "possesses vast deposits of valuable vertebrate fossil specimens").

In sum, the question is not "new," it is of relatively limited application, and, although a significant issue in this case, is not "substantial" as a matter of sweeping policy. *Murray*, 924 F.3d at 1071.

ORDER - 11

### D. Whether the Question Is Outcome Determinative

Generally, the proper time to certify a question is when the case cannot proceed without an answer; the stage and posture of litigation is relevant. *See, e.g.*, *McCarthy v. Amazon.com, Inc.*, No. C23-0263, 2023 WL 5509258, at *8-9 (W.D. Wash. Aug. 25, 2023) (denying certification after entry of final judgment); *Brown v. Old Navy, LLC*, No. 23-cv-781, 2023 U.S. Dist. LEXIS 212509, at *3-4 (W.D. Wash. Nov. 29, 2023) (certifying a question dispositive of a pending motion to dismiss); *Nwauzor*, 62 F.4th at 516-17 (certifying questions on appeal); *Murray*, 924 F.3d at 1072 (same); *Kremen*, 325 F.3d at 1040-42 (same).

The instant question largely concerns damages, which are only relevant if the Estate establishes liability. The Western District of Washington recently denied certification of a question concerning damages, finding that certification was "premature as it would necessarily require the Court to assume facts regarding the substantive claims that have not yet been established." *Flores*, 2023 WL 1967262, at *2 (quoting *YWS Architects, LLC v. Alon Las Vegas Resort, LLC*, No. C17-1417, 2018 WL 4615983, at *5 (D. Nev. Sept. 26, 2018)) (quotation marks omitted). Similarly, when considering whether to permit interlocutory appeal before liability was established, the Central District of California concluded that "[d]elaying the case now to determine a question about damages is putting the cart before the horse." *San Bernardino Cnty. v. Ins. Co. of State of Pa.*, No. CV 21-

ORDER - 12

01978, 2023 WL 4681621, at *3 (C.D. Cal. July 12, 2023) (citing *Cortez v. Chipotle Mexican Grill, Inc.*, No. CV 17-4787, 2018 WL 6071091, at *6 (C.D. Cal. Oct. 11, 2018)); *but see Paddock v. Peacehealth, Inc.*, No. 21-cv-639, 2024 WL 197366, at *2-3 (W.D. Wash. Jan. 18, 2024) (certifying a question concerning affirmative defenses based on comparative negligence, although the defendants' own negligence remained to be proven).

Here, the question becomes outcome determinative only after the Estate proves breach and causation. It would be premature to certify the question at this time, as the question may be made moot at trial. *See Flores*, 2023 WL 1967262, at *2.

Federal courts regularly interpret state law, and where there is no interpretation from the state's highest appellate court, a federal court must "predict how the state's highest court would decide the question." *Murray*, 924 F.3d at 1071. The Court is equipped with sufficient guidance from Washington courts to make an informed decision on the issue presented, therefore certification is inappropriate. *See Syngenta Seeds,* 842 F.3d at 681 (citation omitted). There is no need to delay the case further or to burden the Washington Supreme Court with this issue, when it may become moot.

ORDER - 13

## CONCLUSION

For the reasons stated above, KSD's Motion to Certify is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. KSD's Motion to Certify, **ECF No. 435**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to the parties.

DATED March 28, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 14